IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of A.C., L.C., and R.C., persons under eighteen years of age. | ) ) ) ) ) | PER CURIAM DECISION<br><br>Case No. 20120033-CA |
| R.C., | ) ) | F I L E D |
| Appellant, | ) ) | (April 19, 2012) |
| v. | ) ) | 2012 UT App 117 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

First District Juvenile, Logan Department, 1012018
The Honorable Jeffrey R. Burbank

Attorneys:     Angela F. Fonnesbeck, Logan, for Appellant
               Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     R.C. (Father) appeals the juvenile court's order terminating his parental rights to A.C., L.C., and R.C.  We affirm.

¶2     Father asserts that the juvenile court erred in denying his motion to continue the trial pending resolution of certain pro se petitions for extraordinary relief that were filed in various courts.  Rule 54 of the Utah Rules of Juvenile Procedure provides that "once a

matter has been set for trial, the matter may be continued only with the approval of the court." Utah R. Juv. P. 54(a). Absent unavoidable circumstances, "no continuance shall be granted in any child protection case except upon a showing by the moving party that the continuance will not adversely affect the interest of the child or cause a hearing to be held later than child welfare timelines established by statute." *Id.* R. 54(c). A juvenile court has broad discretion in deciding whether to grant a motion for a continuance, and its decision will not be reversed absent a showing that the juvenile court abused its discretion. *See In re V.L.*, 2008 UT App 88, ¶¶ 26–27, 182 P.3d 395.

¶3      Father fails to demonstrate that the juvenile court abused its discretion in denying his motion for a continuance because Father made no showing in the juvenile court that a continuance would not adversely affect the interests of the children. Without such a showing the juvenile court cannot grant the request. *See* Utah R. Juv. P. 54(a). Therefore, the juvenile court properly exercised its discretion in denying the motion.

¶4      Father next challenges two specific findings of fact. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Father argues that there was a lack of evidence to support the juvenile court's finding that it was "unlikely that the parents will at any foreseeable time in the future be able to parent the children." The finding is not against the clear weight of evidence in the record. Both Father and the mother had been incarcerated for approximately one year at the time of trial. Furthermore, it was unknown when either parent would be released from that incarceration. Thus, it was unknown when either parent would be even in the most basic position to be a parent to their children.

¶5      Father also challenges the juvenile court's finding that he failed to exhibit the normal interest of a natural parent without just cause. There is minimal evidence to support this finding. While it is true that Father's selfishness created the situation in which he was separated from his children, Father took advantage of what little opportunities he had to contact his children. Father wrote letters to his children and was allowed more parent time than is usual for a person incarcerated in the county jail. However, even if such finding was incorrect, any assumed error was harmless. *See State v. Evans*, 2001 UT 22, ¶ 20, 20 P.3d 888 ("[H]armless error is an error that is sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the

proceedings."). As explained below, there was more than sufficient evidence to support terminating Father's parental rights without reliance on this single finding.

¶6 Father asserts that there was insufficient evidence to support the grounds for terminating his parental rights and the conclusion that it was in the best interests of the children to terminate Father's parental rights. The juvenile court's decision to terminate Father's parental rights can "be overturned only if it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Furthermore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶7 There was sufficient evidence in the record to support the juvenile court's determination that Father was an unfit parent. Evidence indicated that Father had a history of domestic violence. He twice entered guilty pleas to causing corporal injuries to a spouse in California. Further, the children reported that on at least two occasions Father struck R.C. hard enough to leave red marks. The children also reported to their therapist that Father was verbally abusive to both themselves and their mother, and had described seeing Father choking their mother and also threatening to kill her. Furthermore, Father has demonstrated that he has a difficult time learning from his parenting mistakes. Specifically, Father was previously offered services from DCFS when the children were removed from his custody in 2009. Despite regaining custody of the children after that incident, it is clear that Father continued making many of the same parenting and life mistakes after receiving services from DCFS as he did before such services. Finally, Father has been in jail since the children were removed from his custody on December 9, 2010. He has three current criminal cases pending against him, in one he has been convicted of a second degree felony and two misdemeanors, but has not yet been sentenced. In the other two cases, he is facing two second degree felony charges and three third degree felony charges. Thus, it is currently unknown when Father will be released and when he would be able to provide a proper home for the children. Based on the totality of the evidence presented, there was sufficient evidence to support the juvenile court's conclusion that Father was an unfit parent.[1]

---

[1]Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (2008) (providing that the court may terminate all parental rights if it

(continued...)

¶8     There was also sufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate Father's parental rights.  Father has been incarcerated for over one year, and it is currently unknown when he will be released.  During his incarceration, Father has been unable to obtain the assistance necessary to become an adequate parent.  Furthermore, based upon Father's actions the children are both afraid of and angry at Father and do not want him in their lives.  On the other hand, the children are residing in a stable and loving environment with foster parents who wish to adopt them.  The foster parents are meeting the children's emotional, physical, and developmental needs.  Further, the foster parents provide the children with a sense of permanency and stability.  Thus, the record supports the juvenile court's determination that it was in the best interests of the children to terminate Father's parental rights.

¶9     Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge

---

[1](...continued)
finds any one of the grounds listed); *In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights).  Accordingly, there is no reason to review the other grounds relied upon by the district court to support the termination of Father's parental rights.