IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of J.D., R.D., and D.D., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20120371-CA |
| | ) | |
| C.H., | ) | F I L E D |
| | ) | (September 13, 2012) |
| Appellant, | ) | |
| | ) | 2012 UT App 255 |
| v. | ) | |
| | ) | |
| State of Utah, | ) | |
| | ) | |
| Appellee. | ) | |

-----

Eighth District Juvenile, Duchesne Department, 428861
The Honorable Larry A. Steele

Attorneys:     Marea A. Doherty, Duchesne, for Appellant
Mark L. Shurtleff, Carol L.C. Verdoia, and John M. Peterson, Salt Lake City, for Appellee
Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Orme, Davis, and Christiansen.

¶1     C.H. (Mother) appeals the termination of her parental rights in her children and the denial of her postjudgment motion.  We affirm.

¶2     Mother first challenges the juvenile court's finding that it was in the children's best interests to terminate her parental rights when none of the children were in

adoptive placements at the time of trial. Mother implies that it can never be in the best interests of a child to terminate parental rights when the child is not in a placement that will culminate in adoption. However, it is well established that an adoptive placement is not required prior to terminating a parent's rights. The lack of an adoptive placement may be considered in determining best interests in a termination proceeding, but it is not controlling. *See In re J.D.*, 2011 UT App 184, ¶ 23, 257 P.3d 1062; *In re W.M.*, 2007 UT App 15U (mem.) (per curiam); *In re B.S.*, 2006 UT App 462U (mem.) (per curiam). Furthermore, the evidence at trial supported the juvenile court's conclusion that termination was necessary to permit the children to move forward. The uncertainty of their placements because of continued ties to Mother impeded the children's progress. Contact with Mother proved to be very disruptive to the children and caused the two older children to sabotage their placements. By severing those ties, the children would be free to bond with new families and have the opportunity to attain stability. *See In re J.D.*, 2011 UT App 184, ¶ 23.

¶3     Mother next asserts that because the children had been in what was intended to be a permanent placement for a period of time, the juvenile court erred in ruling that the time for which Mother would be eligible for reunification services had expired. Under Utah Code section 78A-6-312(13)(a), the time period for reunification services may not exceed twelve months from the minor's removal from the home. *See* Utah Code Ann. § 78A-6-312(13)(a) (2008). Mother argued that the removal date should be deemed to be the date that the permanent placement failed. The juvenile court held that the time for services began on the date that the children were removed from Mother's care.

¶4     Even if the juvenile court erred in determining that the time for reunification had expired, which we do not decide, the juvenile court's denial of reunification services was supported by findings establishing independent grounds for the denial. Therefore, the error, if any, was harmless. *See In re A.C.*, 2012 UT App 117, ¶ 5, 276 P.3d 1241 (stating that harmless error is "an error sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the proceedings"). Under Utah Code section 78A-6-312, a juvenile court has the discretion to grant or deny reunification services. *See* Utah Code Ann. § 78A-6-312(20). In determining whether reunification services should be provided, the juvenile court must consider the failure of the parent to respond to previous services. *See id.* § 78A-6-312(23)(a). Additionally, the court must consider testimony by a competent professional regarding whether the parent is likely to be successful with services. *See id.* § 78A-6-312(23)(f). Here, the juvenile court noted that even if time permitted, the court would not order reunification services based on these statutory factors. Mother had failed in two prior service plans

over the course of several years. Furthermore, testimony at trial established that she was unlikely to succeed with any additional services because she continued to deny responsibility for her conduct. The continued denial of her pivotal role in the children's serious behavior problems indicated that she would likely not respond to services because she would not recognize the need to change. Based on this independent rationale for denying services, any error in determining the time of removal under the statute is harmless.

¶5    Mother also appeals the denial of her postjudgment motion. Mother filed a single motion seeking relief under rules 59 and 60(b) of the Utah Rules of Civil Procedure. On appeal, she asserts that the trial court erred by making credibility determinations without holding a hearing on the postjudgment motion. Mother's argument is without merit.

¶6    The juvenile court denied Mother's rule 59 motion primarily because she failed to support the motion with affidavits as required by the rule. *See* Utah R. Civ. P. 59(c). Because Mother failed to support her motion as required, the alleged error in making a credibility determination is irrelevant to this aspect of the motion. To the extent that she asserts she was entitled to a hearing as a rule 60(b) motion, her argument also fails. First, trial courts have discretion whether to hold hearings on motions. *See id*. R. 7(e) (providing that the court *may* hold a hearing on any motion). Second, Mother did not request a hearing but rather submitted the motion for decision based on the motion and response. Accordingly, the juvenile court did not err in deciding the motion without a hearing.

¶7    Affirmed.


_____
Gregory K. Orme, Judge



_____
James Z. Davis, Judge



_____
Michele M. Christiansen, Judge